IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,586






DALE DEVON SCHEANETTE, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL


FROM TARRANT COUNTY






 Meyers, J., delivered the opinion of the Court, in which Keller, P.J., and
Price, Johnson, Keasler, Hervey, Holcomb, and Cochran, JJ., join. Womack, J.,
concurs.


O P I N I O N



 In January 2003, a jury convicted appellant of capital murder. Tex. Penal Code
Ann. § 19.03(a)(2). Pursuant to the jury's answers to the special issues set forth in Texas
Code of Criminal Procedure Article 37.071, §§ 2(b) and 2(e), the trial judge sentenced
appellant to death. Art. 37.071, § 2(g). (1) Direct appeal to this Court is automatic. Art.
37.071, § 2(h). Appellant raises eight points of error with two subpoints but does not
challenge the sufficiency of the evidence at either stage of trial. (2) We affirm.

CONSTITUTIONALITY OF DEATH PENALTY STATUTE


 In point of error two, appellant claims that the mitigation issue is unconstitutional
because it fails to require the trial court to instruct the jury that the State bears the burden
of proof beyond a reasonable doubt on the mitigation issue. Appellant relies upon
Apprendi v. New Jersey, 530 U.S. 466 (2000), and Ring v. Arizona, 536 U.S. 584 (2002),
to support his position. We have previously addressed and rejected this argument. 
Hankins v. State, 132 S.W.3d 380, 386 (Tex. Crim. App. 2004). Point of error two is
overruled. 

 Appellant claims in his fifth point of error that the Texas death-penalty scheme is
unconstitutional under the Fifth and Eighth Amendments "because it leads the State to
execute an unacceptable number of innocent defendants." He further asserts that, under the
cruel and unusual punishment clause of the Eighth Amendment, "the constitutionality of the
death penalty must be determined and redetermined by the courts in keeping with evolving
standards of decency and current knowledge about its operation."

 While the execution of an innocent person might violate federal due process and be
considered cruel and unusual punishment, appellant does not claim that he is innocent. He
therefore fails to demonstrate that his due process rights or his right to be free from cruel
and unusual punishment have been violated by application of our death-penalty statute. 
Herrera v. Collins, 506 U.S. 390 (1993); Paredes v. State, 129 S.W.3d 530, 540 (Tex.
Crim. App. 2004). Appellant's fifth point of error is overruled. 

 Appellant complains in his sixth point of error that the Texas death-penalty statute
under which he was sentenced violates the Eighth Amendment as interpreted in Penry v.
Johnson, 532 U.S. 782 (2001)("Penry II"), because the mitigation instruction sends
"mixed signals" to jurors. This Court has previously addressed and rejected this claim. 
Jones v. State, 119 S.W.3d 766, 790 (Tex. Crim. App. 2003), cert. denied, 72 U.S.L.W.
3749 (June 14, 2004). Point of error six is overruled. 

VOIR DIRE


 In his eighth point of error, appellant alleges that the trial court erred in restricting
voir dire on the issue of parole. Specifically, appellant wanted to inform the prospective
jurors that two-thirds of the members of the parole board must vote in favor of releasing an
inmate on parole, after first receiving a copy of a report on the probability that the inmate
would commit another offense upon release. See Tex. Gov't Code § 508.046. Appellant
then wanted to ask them whether they could "consider and give full deliberation to the
parole board requirements for release on parole." Appellant also sought to question the
prospective jurors about whether they could consider the parole board release information
when deliberating and answering the special issues. He argues that recent legislative
changes open the door for full consideration by the jury of any procedures relating to
parole and the parole board. Art. 37.071, § 2(e)(2)(B).

 This precise issue was raised in Hankins, 132 S.W.3d at 384. In that case, this
Court reiterated that it has historically held that parole is not a proper matter for jury
consideration. Id. We recognized that the Legislature amended Article 37.071, effective
September 1, 1999, to provide that a jury may now be instructed on a capital defendant's
eligibility for parole, however, we held that this provision was narrowly drawn and did not
render every aspect of parole law an issue for jury consideration. (3) Hankins, 132 S.W.3d at
385. We further held that:

 The provision expressly discourages speculation on the parole process by
providing that application of the parole laws cannot be accurately predicted
"because the application of those laws will depend on decisions made by
prison and parole authorities." [Citation omitted.] The legislature could have
written the 1999 amendments more broadly to impart more information but
chose not to. Accordingly, precedent maintaining that parole is not a proper
issue for jury consideration remains in effect except to the extent explicitly
provided for in Article 37.071 § 2(e)(2)(B).


Hankins, 132 S.W.3d at 385. The trial court did not abuse its discretion by refusing to
allow appellant to voir dire the prospective jurors as requested. Point of error eight is
overruled.

CHARGE ISSUES


 In points of error one and one-A, appellant asserts that the trial court erred when it
"judicially amended [the mitigation issue] by grafting the evidentiary requirements of [the
future dangerousness issue] onto the mitigation issue." He asserts that this error in the
charge rendered the death-penalty statute unconstitutional as applied to him and violated his
rights under the Eighth and Fourteenth Amendments to the United States Constitution. 
Specifically, appellant complains of the following instruction given in the punishment
charge:

 In deliberating on Special Issue No. 1 [future dangerousness] and Special
Issue No. 2 [mitigation], the Jury shall consider all the evidence admitted at
the guilt or innocence phase and the punishment phase, including evidence of
the defendant's background or character or circumstances of the offense that
militates for or mitigates against imposition of the death penalty.


Appellant claims that the judge's change in the statutory language improperly allowed the
jury to consider evidence supporting a death sentence as well as evidence mitigating against
a death sentence when answering the mitigation issue. Thus, appellant claims his "vehicle
for consideration of mitigation evidence [was] a legal shell void of a legitimate opportunity
for a jury to grant 'mercy' in the context of a capital-murder sentencing." In other words,
appellant argues that Article 37.071, § 2(e)(1) requires the jurors to be informed that when
deliberating on the mitigation issue, they should consider only that evidence that mitigates
against imposition of the death penalty, as opposed to the charge that was given that
instructed them to consider aggravating as well as mitigating evidence.

 Appellant is correct that the judge slightly amended the statutory language when he
included this instruction in the charge. Article 37.071, § 2(d)(1) requires a trial court to
charge the jury that:

 in deliberating on the [future dangerousness and anti-parties] issues . . . it
shall consider all evidence admitted at the guilt or innocence stage and the
punishment stage, including evidence of the defendant's background or
character or the circumstances of the offense that militates for or mitigates
against the imposition of the death penalty.


The trial court's amendment to the language of this instruction made it apply when the jury
was deliberating on the mitigating issue as well as on the future dangerousness issue. 
Although this was an incorrect recitation of the statute, appellant failed to object to its
inclusion in the charge. Thus, the record would have to show that appellant suffered
egregious harm from any error in the instruction in order for this case to be reversed. 
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)(op. on reh'g).

 Article 37.071, § 2(e)(1) directs the court to instruct the jury to "tak[e] into
consideration all of the evidence" when determining whether there are sufficient mitigating
circumstance to warrant the imposition of a sentence of life imprisonment. This language
was given to the jury. By its plain language, the statute requires the jury to look at all of the
evidence and not just evidence a juror might consider to be mitigating. For example,
victim-impact evidence may be relevant to counteract the mitigating evidence the defendant
is entitled to introduce. See, e.g., Prystash v. State, 3 S.W.3d 522, 536 (Tex. Crim. App.
1999), cert. denied, 529 U.S. 1102 (2000). Following appellant's analysis, none of this
evidence would be admissible because it would be rendered irrelevant. This is not the law. 
Because the jury is entitled to consider all of the evidence, any improper addition to the
language in the instruction did not harm appellant. Points of error one and one-A are
overruled.

 In points of error seven and seven-A, appellant claims that the trial court erred at
punishment in failing to submit to the jury two charges he requested. Specifically,
appellant asserts that the court should have submitted the following:

 1. In answering [the mitigation issue], you are instructed to disregard any
finding you made beyond a reasonable doubt against the mitigation
issue related to [the future dangerousness issue]. In considering [the
mitigation issue], you may not consider any negative finding
previously made on the issue of mitigation.


 2. To release on parole an inmate who is convicted of a capital felony
who must serve 40 calendar years before becoming eligible for
release on parole, all members of the board must vote on the release
on parole of the inmate and at least two-thirds of the members must
vote in favor of the release on parole. A member of the board may not
vote on the release unless the member first receives a copy of a
written report from the department on the probability that the inmate
would commit an offense after being released on parole.


 During your deliberations, you will not consider or discuss any
possible action of the Board of Pardons and Paroles or the Governor. 


 The future dangerousness question asks the jury to consider all of the evidence,
including factors that a jury may consider aggravating, to determine whether there is a
probability that a defendant will continue to commit criminal acts of violence which
constitute a threat to society. The jury is also permitted, although not required, to consider
this same evidence when deliberating on the mitigation issue. Hankins, 132 S.W.3d at 385;
Mosley v. State, 983 S.W.2d 249, 263 n.18 (Tex. Crim. App. 1998), cert. denied, 526 U.S.
1070 (1999). However, the factfinder's purpose differs when considering evidence in the
context of each respective issue. Hankins, 132 S.W.3d at 385. In the context of the future
dangerousness question, the jury considers all of the evidence in order to determine
whether to "impose" the death penalty, whereas, in the context of the mitigation issue, the
jury considers the evidence in order to determine whether the jury should "decline to
impose" the death penalty. Hankins, 132 S.W.3d at 385-86. An affirmative finding on the
future dangerousness question does not necessarily compel a negative answer on the
mitigation question. Id. The trial court did not err in refusing the first requested issue. 

 Further, the trial court did not err in refusing the second requested issue. With the
exception of the instruction explicitly set out in Article 37.071, § 2(e)(2)(B), parole is
otherwise not a proper issue for jury consideration in capital cases. Id. The court's
punishment charge tracked the Article 37.071, § 2(e)(2)(B) statutory language. The trial
court did not abuse its discretion in denying appellant's requested charge. (4) Points of error
seven and seven-A are overruled.

EFFECTIVE ASSISTANCE OF COUNSEL


 Appellant asserts in his third point of error that trial counsel rendered ineffective
assistance of counsel by presenting punishment testimony "that established . . . beyond a
reasonable doubt" that he was a continuing threat to society. Specifically, appellant
complains about the testimony of defense psychologist Gilda Kessner. Based upon studies
of violence in the penitentiary setting, various statistical values, and extrapolation from the
various data sources, Kessner testified that there was an "18.8% chance" that appellant
would commit acts of violence in the penitentiary.

 In his fourth point of error, appellant contends that his counsel rendered ineffective
assistance when counsel presented testimony from S.O. Woods, the former assistant
director of the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID),
that "delegitimatized a capital life sentence as a viable sentencing option." Woods
generally testified about how inmates are classified at TDCJ-ID. He also offered testimony
on how he expected appellant to be classified. The State then used cross-examination to
establish that a wide range of weapons are available to the inmates in the penitentiary
system, and the penitentiary does not guarantee a violence-free environment. The
proper standard for reviewing an ineffective assistance of counsel claim was established in
Strickland v. Washington, 466 U.S. 668 (1984), and adopted by this Court in Hernandez
v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). Under Strickland, an appellant must first
demonstrate that his trial counsel's performance was deficient. Secondly, he must show
that his counsel's deficient performance was so serious that it prejudiced his defense,
rendering the trial unfair and the verdict suspect. Strickland, 466 U.S. at 687; Lockhart v.
Fretwell, 506 U.S. 364 (1993). Appellate review of defense counsel's representation is
highly deferential and presumes that counsel's actions fell within the wide range of
reasonable and professional assistance. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim.
App. 2002); Chambers v. State, 903 S.W.2d 21, 33 (Tex. Crim. App. 1995). The analysis
is undertaken in light of the "totality of the representation" rather than by examining
isolated acts or omissions of trial counsel. Wilkerson v. State, 726 S.W.2d 542, 548 (Tex.
Crim. App. 1986), cert. denied, 480 U.S. 940 (1987). The fact that another attorney may
have pursued a different tactic at trial is insufficient to prove a claim of ineffective
assistance. McFarland v. State, 845 S.W.2d 824, 844 (Tex. Crim. App. 1992), cert.
denied, 508 U.S. 963 (1993).

 Under most circumstances, the record on direct appeal will not be sufficient to
show that counsel's representation was so deficient and so lacking in tactical or strategic
decision-making as to overcome the strong presumption that counsel's conduct was
reasonable and professional. Bone, 77 S.W.3d at 833. As this Court recently explained,
rarely will the trial record contain sufficient information to permit a reviewing court to
fairly evaluate the merits of such a serious allegation: "[i]n the majority of cases, the
record on direct appeal is simply undeveloped and cannot adequately reflect the failings of
trial counsel." Id. A reviewing court can frequently speculate on both sides of an issue, but
ineffective assistance claims are not built on retrospective speculation; rather, they must
"be firmly founded in the record." Id. 

 From the information available to us, we can only speculate as to why counsel acted
or failed to act as they. Id.; Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997);
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Without more, we must
presume that counsel acted pursuant to a reasonable trial strategy. Id. Points of error three
and four are overruled.

 We affirm the judgment of the trial court. 

Delivered: September 15, 2004

En banc 

Publish
1. Unless otherwise indicated, all references to Articles refer to the Code of Criminal
Procedure.
2. After counsel filed a brief on appellant's behalf, appellant filed a pro se brief in which he
raised twenty-six additional points of error, including several sub-points. Appellant also filed
documents setting forth corrections to his original brief and adding numerous additional points of error. 
Appellant does not have a right to hybrid representation. Patrick v. State, 906 S.W.2d 481, 498
(Tex. Crim. App. 1995), cert. denied, 517 U.S. 1106 (1996); Lockhart v. State, 847 S.W.2d 568,
569 n.1 (Tex. Crim. App. 1992), cert. denied, 510 U.S. 849 (1993). Neither does he have a
constitutional right to represent himself on direct appeal. Martinez v. Court of Appeal of California,
Fourth Appellate Dist., 528 U.S. 152, 163-64 (2000). Thus, we will not address any of appellant's
pro se points.
3. Article 37.071 was amended as follows:


 Under the law applicable in this case, if the defendant is sentenced to imprisonment in
the institutional division of the Texas Department of Criminal Justice for life, the
defendant will become eligible for release on parole, but not until the actual time served
by the defendant equals 40 years, without consideration of any good conduct time. It
cannot accurately be predicted how the parole laws might be applied to this defendant
if the defendant is sentenced to a term of imprisonment for life because the application
of those laws will depend on decisions made by prison and parole authorities, but
eligibility for parole does not guarantee that parole will be granted.


Art. 37.071 § 2(e)(2)(B).
4. Appellant also complains that the capital-punishment statute allows a jury to give full
consideration to parole, in contrast to the noncapital-punishment statute which admonishes the jury that
they are "not to consider the manner in which the parole law may be applied to this particular
defendant" and provides that "evidence on the operation of parole and good conduct time laws" is not
permitted. Compare Art. 37.071 with Art. 37.07. We do not address this argument since he did not
complain about the charge on this basis at trial. Tex. R. App. Proc. 33.1.